977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. PROTHEROE, Plaintiff-Appellant,
v.
Paul KELLEY, Dr., Medical Director/Madison St. Jail,
Defendant-Appellee.
 No. 92-15646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Protheroe, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of Paul Kelly in Protheroe's 42 U.S.C. § 1983 action. Protheroe contends that prison doctors denied him adequate medical treatment when they refused to remove a bullet lodged in his body. We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 A. Medical Treatment
 
 3
 In order for an inmate to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 4
 Here, doctors operated on Protheroe after he had been shot in the chest during a robbery. The bullet was not removed because doctors determined that, due to its location, removal could cause more extensive damage. After his surgery and during his convalescence at the jail infirmary, Protheroe complained of severe constipation which he attributed to the bullet's location. The prison medical staff attributed Protheroe's complaints to a faulty diet, pain medication, and lack of exercise. The record indicates Protheroe obtained continuous medical care and treatment during his convalescence at Maricopa, including a variety of examinations and treatments for his constipation.
 
 
 5
 After his release from jail, Protheroe had the bullet successfully removed by a private surgeon. He now contends that the success of the surgery proves that prison doctors were "deliberately indifferent" to his medical needs because they did not recommend removing the bullet while he was in jail. The fact that Protheroe had the bullet successfully removed after his release from prison, however, does not demonstrate that prison doctors were "deliberately indifferent" to Protheroe's medical needs. Rather it reveals a difference of medical opinion as to the proper course of treatment or, at most, that the prison doctors were negligent. Neither a difference of opinion nor negligence, however, meet the "deliberate indifference" standard established in Estelle. 429 U.S. at 107; Franklin, 662 F.2d at 1344.
 
 B. Attorneys Fees
 
 6
 Defendants, as prevailing parties, request attorneys fees pursuant to 42 U.S.C. § 1988. In an action to enforce a provision of 42 U.S.C. § 1983 the court may allow, in its discretion, the prevailing party a reasonable attorney's fee as part of its costs. 42 U.S.C. § 1988. These fees may be awarded at the appellate level as well as at the trial level. Sotomura v. Hawaii, 679 F.2d 152, 153 (9th Cir.1982). Successful defendants in civil rights cases, however, are allowed to recover attorney's fees only upon a finding that plaintiff's actions was frivolous, unreasonable or without foundation. Christenson Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); Patton v. Kings, 857 F.2d 1379, 1381 (9th Cir.1988) (prevailing section 1983 civil rights defendant is entitled to attorneys fees only where action brought is found to be unreasonable, frivolous, meritless or vexatious).
 
 
 7
 Under this standard, we decline to award attorneys fees.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3